388 A.2d 1028

**In the Matter of William E. DUFFIELD (Fayette County).**

Supreme Court of Pennsylvania.

June 26, 1978.

Charles C. Gentile, Uniontown, for petitioner.

Allen Zearfoss, Chief Counsel, Edward A. Burkhardt, Asst. Disciplinary Counsel, for Disciplinary Bd.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

PER CURIAM.

In a report dated January 20, 1975, filed by the Disciplinary Board of the Supreme Court in this case, the Board recommended that William E. Duffield be suspended from the practice of law for a period of two (2) years, with the right to apply for reinstatement within the last three months of the said two (2) years suspension period. While this recommendation was pending before this Court and prior to any action of this Court upon the said recommendation, Mr. Duffield, on October 7, 1975, filed an affidavit of disbarment upon consent in accordance with the then Su-

preme Court Rule 17–15[1] (now designated as Rule of Disciplinary Enforcement 215). As a result, on October 29, 1975, respondent was disbarred on consent in accordance with the provisions of that rule.

On October 4, 1976, a Petition for Reinstatement was filed.[2] The Disciplinary Board after consideration recommended, on December 28, 1976, that the petition be dismissed primarily on the basis of the provisions of Rule 218(b) which forbids the application for reinstatement until the expiration of at least five years from the effective date of the disbarment. Respondent petitioned this Court on January 3, 1977, to suspend Rule 218(b) in this matter, alleging that he had been led to believe that he would be permitted to file for reinstatement after the expiration of the two (2) year suspension period. This Court, after being satisfied that respondent's contention was supported by the record,

1. Supreme Court Rule 17–15, effective July 1, 1972, stated as follows:
   **Resignations by Attorneys Under Disciplinary Investigation**
   (a) An attorney who is the subject of an investigation into allegations of misconduct on his part may submit his resignation, but only by delivering to The Board an affidavit stating that he desires to resign and that:
   (1) his resignation is freely and voluntarily rendered; he is not being subjected to coercion or duress; he is fully aware of the implications of submitting his resignation;
   (2) he is aware that there is a presently pending investigation into allegations that he has been guilty of misconduct the nature of which he shall specifically set forth;
   (3) he acknowledges that the material facts upon which the complaint is predicated are true; and
   (4) he submits his resignation because he knows that if charges were predicated upon the misconduct under investigation he could not successfully defend himself against them.
   (b) Upon receipt of the required affidavit, The Board shall file it with the Supreme Court and the Court shall enter an order disbarring the attorney on consent.
   (c) The order disbarring the attorney on consent shall be a matter of public record. However, the affidavit required under the provisions of (a) above shall not be publicly disclosed or made available for use in any other proceeding except upon order of the Supreme Court.

2. On January 19, 1976, respondent filed a "Petition to Vacate Order and Request for Review and Substituted Order," to which the Office of Disciplinary Counsel filed an Answer in Opposition. That petition was denied on February 24, 1976.

granted the request that Rule 218(b) be suspended on January 14, 1977 and permitted respondent to file a petition for reinstatement after April 20, 1977.

On April 22, 1977, the present petition for reinstatement was filed and was referred by this Court to the Board for report and recommendation. On May 16, 1977, a new Petition for Discipline was filed with the Board and captioned at No. 17 DB 77. The two matters were consolidated by the Board for hearing and we now have before us the Report and Recommendations of the Board recommending reinstatement and the dismissal of the Petition for Discipline. After consideration of the entire record we are satisfied that the Board's recommendations should be accepted and pursuant thereto we issue the following:

## ORDER

AND NOW, to wit this 26th day of June, 1978, the Petition for Discipline at No. 17 DB 77 is dismissed, and further, the Petition for Reinstatement is granted. The expenses incurred by the Board in the investigation and processing of the Petition for Reinstatement, which have been determined to be Eight Hundred and Thirty-Three Dollars ($833.00), are to be borne by respondent.

MANDERINO, J., did not participate in the consideration or decision of this matter.

LARSEN, J., filed a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent.

Any attorney who steals money from a client should be disbarred, and when that attorney is disbarred, there are no extenuating circumstances which can cause a waiver of the five year waiting rule [Pa.R.D.E. 218(b)].