**In re Anonymous No. 14 D.B. 80**

Disciplinary Board Docket no. 14 D.B. 80.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania

ELLIOTT, *Member,* November 4, 1980— Pursuant to Pa.R.D.E. 208(d) the Disciplinary Board of the Supreme Court of Pennsylvania (board) submits its findings and recommendations to your honorable court with respect to the above petition for discipline.

## I. HISTORY OF PROCEEDINGS

On March 27, 1980 the Office of Disciplinary Counsel charged [  ] respondent with acts of misconduct including the commingling and conversion of client funds, as well as misrepresentations concerning said funds to the client. After hearing, the hearing committee found that respondent had violated D.R. 1-102(A)(4), D.R. 1-102(A)(6), D.R. 9-102(A) and D.R. 9-102(B)(4) and recommended that respondent be suspended from the practice of law for a period of six months. No exceptions to the report of the hearing committee were filed by petitioner or respondent within the prescribed time. Respondent has admitted the acts which constitute the gravamen of the petition. The only issue before the hearing committee was respondent's intent in committing those acts.

Respondent agreed to represent the interests of a minor concerning injuries sustained during an automobile accident. The action was settled for $7,500. The check in the amount of $7,500 was made payable jointly to respondent and the minor's mother, who upon request of respondent endorsed the check. Respondent thereupon deposited the entire check in his personal rather than his attorney's escrow account.

Court approval of the settlement was timely sought and issued on May 23, 1979, approving $2,500 as counsel fees and $5,000 to be held in the name of the minor "in a federally-insured interest-bearing savings certificate." Despite several requests from the minor's mother, respondent failed to purchase the court ordered savings certificate until December 13, 1979, almost seven months after the court order.

Respondent failed to purchase the savings cer-

tificate because he had in fact used all of the $7,500 deposited in his personal account to defray his own personal and business expenses. At all times* from the deposit of the $7,500 check on January 11, 1979 until purchase of savings certificate on December 23, 1979, the balance in respondent's checking account was below $7,500.

## II. DISCUSSION

The hearing committee recommended that respondent be suspended from the practice of law for a period of six months. The board accepts the hearing committee's recommendation.

With facts remarkably similar to the instant case, the Pennsylvania Supreme Court recently addressed the issue of proper disciplinary action where an attorney has converted the funds of a client. In In the Matter of Green, 470 Pa. 164, 368 A. 2d 245 (1977), respondent agreed to represent a minor in regard to an automobile accident. Approximately six months later, the matter was settled. The settlement checks were endorsed on behalf of the minor and deposited by respondent in his attorney's account. Despite demands on behalf of the minor, respondent failed to forward the client's portion of the funds for six months and failed to provide an accounting regarding medical expenses over one year. Despite procedural irregularities, the Supreme Court adopted the recommendations of the Disciplinary Board and disbarred respondent. Clearly under the Supreme Court's ruling in Green, conversion and commingling of client's assets is a serious transgression warranting suspension.

*On October 10, 1979 the balance in respondent's personal account was more than $5,000 only due to a deposit of funds admittedly belonging to another client.

Since, in the instant matter there is no evidence of record concerning previous similar acts, the board accepts the recommendation of the hearing committee that respondent be suspended from the practice of law for a period of six months rather than the more severe penalty of disbarment.

## III. RECOMMENDATION

The board respectfully recommends to your honorable court that the recommendation of the hearing committee be accepted and that respondent, [  ], be suspended from the practice of law for a period of six months.

Messrs. Henry, Johnson and Krawitz dissent and would recommend a one year suspension. Mr. Pearlstine did not participate in the adjudication.

## ORDER

ROBERTS, *J.*, And now, April 21, 1981, the recommendation of the Disciplinary Board dated November 4, 1980, is rejected; and it is ordered that respondent be and he is suepended from the practice of law in the Supreme Court and in all the courts under its supervisory jurisdiction for the period of one year. Respondent shall comply with all the provisions of Pa.R.D.E. 217 and may apply for reinstatement three months prior to the termination of the suspension.

## DISSENTING STATEMENT

LARSEN, *J.*,—I dissent. Respondent, [  ] stole a client's money and he should be disbarred.

On January 9, 1979 respondent was entrusted with $7,500 which he deposited in his personal account. (A court order entitled respondent to $2,500 as fees on May 23, 1979.) Respondent used all of the

money for personal and business expenses and restitution of the $5,000 balance was not made until December 13, 1979.

The one-year suspension ordered by this court is a wholly inadequate sanction. I dissent for the same reasons given in my dissent in Office of Disciplinary Counsel v. Lynch, 272 Disciplinary Docket No. 1. See Matter of Duffield, 479 Pa. 471, 388 A. 2d 1028 (1978) (Larsen, J., in a dissenting opinion: "Any attorney who steals money from a client should be disbarred. . . .").