529 A.2d 1075

**OFFICE OF DISCIPLINARY COUNSEL, Petitioner,**

**v.**

**John E. KOCHEL, Respondent.**

Supreme Court of Pennsylvania.

March 23, 1987.

Samuel C. Stretton, West Chester, for respondent, John Kochel.

Alan Davis, for Office of Disciplinary Counsel.

## ORDER

PER CURIAM.

AND NOW, this 23rd day of March, 1987, upon consideration of the Report and Recommendation of the Disciplinary Board dated November 7, 1986, and the respondent's Exceptions and Petition for Review of the said Report and Recommendation, it is hereby

ORDERED that respondent, JOHN E. KOCHEL, be and he is SUSPENDED from the Bar of the Commonwealth for a period of three months, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ORDERED that respondent shall pay costs to the Disciplinary Board

pursuant to Rule 208(g), Pa.R.D.E. The further request for oral argument is denied.

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

A two charge Petition for Discipline was filed against respondent, John E. Kochel, by the Office of Disciplinary Counsel on December 4, 1985. In charge 1, respondent was accused of multiple conversions of client escrow account funds for respondent's own use. Charge 2 averred that respondent had neglected a legal matter.

An evidentiary hearing was held on April 11, 1986, at which time respondent admitted misappropriating $11,095 from his clients' escrow account on 23 occasions over a 16–month period beginning March 1984 and ending in July 1985.[1] Respondent reimbursed the account regularly and clients suffered no loss of funds. Coincidentally, I note

1. The amounts stolen were taken as follows:

1984:

| | |
|---|---|
| March 5 | $ 700 |
| March 13 | 1,500 |
| March 19 | 300 |
| April 4 | 500 |
| April 16 | 1,000 |
| April 27 | 200 |
| May 1 | 150 |
| May 7 | 500 |
| May 22 | 450 |
| June 1 | 370 |
| June 4 | 600 |
| October 9 | 225 |
| November 5 | 2,200 |
| November 26 | 200 |

1985:

| | |
|---|---|
| January 25 | $ 100 |
| April 23 | 100 |
| May 1 | 150 |
| May 7 | 150 |
| May 15 | 500 |
| May 20 | 100 |
| June 21 | 200 |
| June 27 | 600 |
| July 1 | 300 |

that final restitution in the amount of $1650 was made to the escrow account on July 29, 1985, just one week prior to written notification by the Office of Disciplinary Counsel that a complaint had been lodged against respondent. Respondent also admitted to failing to pursue a matter on behalf of a client and compounding the problem by refusing to respond to phone calls and correspondence from that client's other attorney.

The Hearing Committee determined that respondent had violated DR 1–102(A)(3)–(6), DR 7–101(A)(1) & (3), and DR 9–102(A) & (B)(2)–(4) with respect to charge 1; and DR 1–102(A)(5) & (6), DR 6–101(A)(3), and DR 7–101(A)(1)–(3) with respect to charge 2. There was no question that the knowing conversion of funds by an attorney is illegal conduct involving moral turpitude, yet, the Hearing Committee recommended a suspension of three months.

Disciplinary Counsel excepted to the recommendation of discipline and urged the Disciplinary Board to suspend respondent for a period of not less than three years. Disciplinary Counsel stated in its letter/brief to the Board that:

> Respondent's attitude toward the sanctity of client funds is best summarized by his statement to his former secretary that he was aware that he was using client funds and that he did so because "he couldn't see this money in the escrow account just sitting there." ... [W]hatever mitigation may be present in this case, it pales in comparison to the misconduct demonstrated by respondent's almost continuous acts of conversion.
>
> ... Additionally, whatever mitigation may be present in the instant matter must also be weighed against the aggravating circumstance of respondent's prior Informal Admonition.[2]

The Disciplinary Board recommends that this Court suspend respondent for a period of two years and that costs be

---

**2.** The Rules of Disciplinary Enforcement preclude our detailing the circumstances surrounding respondent's prior violation of the Disciplinary Rules. Pa.R.D.E.Rule 402(a).

452

assessed against him. The majority, by imposing the three month suspension recommended by the Hearing Committee, condones respondent's behavior and signals to the legal profession in this Commonwealth that this Court views the theft of clients' money as a minor infraction so long as the miscreant cooperates with disciplinary counsel, admits wrongdoing, and shows remorse and embarrassment. Such an approach makes a mockery of our disciplinary system.

I have consistently maintained that we must adopt a per se rule providing for disbarment when a lawyer steals clients' money. *Office of Disciplinary Counsel v. Lucarini*, 504 Pa. 271, 472 A.2d 186 (1983) (Larsen, J., concurring); *Matter of Duffield*, 479 Pa. 471, 388 A.2d 1028 (1978) (Larsen, J., dissenting). As Mr. Chief Justice Nix has stated:

> [T]he focus is not upon Respondent, but rather it is directed to the impact of his conduct upon the system and its effect on the perception of that system by the society it serves.... The heart of the attorney-client relationship is trust and confidence. This cannot exist where the integrity of counsel is suspect. If conduct of the nature engaged in by Respondent in this matter is not immediately responded to by our disciplinary process, we cannot hope to engender the public perception of confidence in our system.

*Office of Disciplinary Counsel v. Keller*, 509 Pa. 573, 583–586, 506 A.2d 872, 877–78 (1986).

Accordingly, I dissent and would recommend that respondent be disbarred.